## BARTON v. FULLER'S EXPRESS CO.

(Supreme Court, Appellate Term.    April 10, 1908.)

CARRIERS—CARRIAGE OF GOODS—FAILURE TO DELIVER—EVIDENCE.

In an action by a shipper against an express company for failure to deliver a package to the addressee, evidence examined, and *held* insufficient to support a judgment for plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 382–385.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Frank C. Barton against Fuller's Express Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Dudley R. Horton, for appellant.

Adolph M. Schwartz, for respondent.

PER CURIAM. The plaintiff has recovered judgment against the defendant for the value of a package which the plaintiff delivered to Fuller's Express Company on May 29, 1905, which was addressed, "Dundee Textile Co., Passaic, New Jersey." The plaintiff proved the delivery of the package to the express company, and its value, but failed to prove that the package was not delivered to the Dundee Textile Company, at Passaic, N. J. Several letters from the defendant were offered in evidence by the plaintiff, which plaintiff claims established the nondelivery of the package. A reading of the letters shows that this inference cannot be drawn from them. The most favorable inference, on behalf of the plaintiff, which can be drawn from these letters, is that the defendant does not deny its failure to deliver the package. The letters were written in response to letters from the plaintiff claiming that the package was lost and demanding payment for its value. The letters show that the defendant repeatedly assured the plaintiff that it had not been able to trace the package, but that, if the plaintiff would give it an opportunity to do so, it would continue its search. These letters were all written prior to the commencement of this action.

On the trial the defendant proved that the package was delivered by it to the Erie Railroad Company on May 31, 1905, and that it reached the Dundee station, Passaic, N. J., on the morning of June 1, 1905, and that it was then deposited in a storehouse car used for storing freight that had not been called for, and that on August 30, 1905, it was delivered to a truckman in the employ of the Dundee Textile Company, who signed a receipt for it. While the evidence did not conclusively establish the identity of the package delivered with that originally received, yet it tended very strongly to establish this fact, and, in the absence of any evidence to the contrary, did not justify the finding that the package was not delivered. Thus, as this action was not commenced until October 30, 1906, and the only evidence received tends to show that the package was delivered to the Dundee Textile Company on August 30, 1905, it follows that the judgment appealed from must be reversed.

The judgment appealed from is reversed, and a new trial ordered, with costs to appellant to abide the event.